■ In the Matter of the Claim of Sam Cohen, Respondent, v. George Campbell Co. et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision of the Workmen's Compensation Board which denied appellant carrier's application for reimbursement from the Special Disability Fund under subdivision 8 of section 15 of compensation awarded for disability due to myocardial infarction caused by accident in 1957. The alleged prior permanent physical impairment was described by appellants' expert as " a permanent partial disability following a lumbo-sacral sprain in 1942 ", this expert finding that the disability awarded for was " materially and substantially greater because of the permanent disability in the lower back ". As establishing the contention that the employer hired claimant or retained him in its employ with knowledge of a physical impairment, and knowing, further, that the condition was a permanent one which was or was likely to be a hindrance to employment, appellants rely on the testimony of the employer's general superintendent that in 1943 claimant told him that " he had a back injury, and going up and down ladders and so forth he was afraid to jump * * * I don't remember too much how it happened, but he did tell me that it happened in the navy yard with another employer"; and that in 1955, noticing that claimant " was strapped up with a belt of some sort", the witness asked claimant if he was hurt, and that claimant replied, " 'No, it is an old back injury from the navy yard.' " The witness testified that he thought that the condition was permanent and in explanation said, " Well, if a man have an ache for ten years it must be permanent * * * He told me he had a bad back." In deciding the narrow issue thus presented, the board said: " After review the Board is of the opinion and holds that the two conversations the employer's agent had with claimant, the first in 1943 and the second in 1955 or 1956 do not constitute sufficient basis for 'a finding of knowledge on the part of the employer of a permanent pre-existing condition within the meaning of the statute." It was within the province of the board to determine the credibility and resultant weight and effect of the testimony of the employer's superintendent; and we cannot, upon this record and as a matter of law, hold that the board was bound to find that the employer knew of a permanent physical impairment constituting a hindrance to employment, upon which it could and did make an informed decision to continue claimant's employment. Decision unanimously affirmed, with costs to respondent Special Fund.